132

**DJUBASAK et, Appellees, v. TAYLOR et, Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23389.   Decided September 14, 1955.

Austin T. Klein, Cleveland, for plaintiff-appellees.
Max Efros, Cleveland, for defendant-appellants.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District; MIDDLETON, J, of the Third District, sitting by designation in the Eighth District.)

**OPINION**

By DOYLE, J.:

This was an action founded on the law of deceit.

It was alleged in the amended petition filed in the Municipal Court of Cleveland that the plaintiffs, the Djubasaks, entered into a written contract with the defendants, the Taylors, for the purchase of a lot and "used house containing plumbing." Among the representations made by the defendants which induced the contract of purchase, was that the plumbing included a "septic tank and septic system and field."

Following the purchase of the property and the acquiring of possession, it was discovered that no septic tank or septic tank system served the premises, and that "raw, untreated sewage was emitted from the house."

It was further alleged that the surrounding territory was not serviced by a sanitary sewer, and that, when the defendants represented the existence of a septic tank and system, they did so with a full knowl-

edge of its falsity, and with a reckless disregard of the truth, and with the intent to induce the plaintiffs to purchase the property for the sum of $14,400.

The amended petition continued with a prayer for damages in the amount of $700.

Issues were joined by the answer of the defendants and a reply of the plaintiffs. The answer, in addition to denying the claims of the plaintiffs, pleaded that in the purchase agreement there was incorporated the following provision:

"9. Upon acceptance, this offer shall become an agreement binding upon and accruing to the benefit of purchaser and seller and their respective heirs, executors, administrators and assigns, and shall be deemed to contain all the terms and conditions agreed upon, it being agreed that there are no outside conditions, representations, warranties or agreements."

The answer further alleged that, because of this provision in the purchase agreement, "plaintiffs are without right of a cause of action against them for any statements, representations and opinions expressed by them prior to the entry of defendants into the agreement alleged, and that, by reason of said provision, all such statements, representations and expressions of opinion have completely merged into the purchase agreement and the conveyance of title by defendants to premises by deed subsequent to the execution of the purchase agreement aforementioned."

Upon the issues made by the pleadings, a trial was had in the Municipal Court of Cleveland, and, at the conclusion thereof, a judgment in the amount of $500 was entered upon the verdict of a jury. From this judgment, we entertain the present appeal.

The appellants (the Taylors) pose the following question: "Can parol evidence be admitted to contradict, vary or add to the terms of a written contract, in the preparation of which all parties to it have participated?"

While the allegations in the amended petition are not as full as might be desired, they cannot be said to be too nebulous to be the subject of judicial inquiry. They set forth facts which constitute an action for fraud and deceit.

It is well settled that one who has been induced to enter into a contract by fraudulent representations may elect to retain that which he has received under the contract and later bring an action to recover damages for the injury he has sustained from the deceit. Likewise, it has been long established that, where a contract has been induced by false representations, the representations and the contract are separate and distinct. By this is meant the representations are usually not regarded as merged in the contract, and, as a result thereof, when a misrepresentation is made, its falsity and deceit is not tolled by later formal expressions in a contract which, as in the case under consideration, states that the contract of purchase contains all of the terms and conditions agreed upon—to-wit, that the property sold "shall include the land, all appurtenant rights, privileges and easements, and all buildings and fixtures in their present condition * * *."

Parts of the court's charge to the jury were erroneous, but said errors were in part induced by the appellants' request of the court to charge the jury on the legal relationship of the provisions of the contract to the claimed misrepresentation.

In our appraisement of the trial, we only say that most of the errors committed were errors of omission rather than commission; and that one error of commission was induced by the appellants and cannot be claimed by them as prejudicial. The jury found fraudulent representations amounting to deceit, from evidence which was amply sufficient. The jury likewise found damages in a reasonable amount.

We do not find error of a prejudicial nature which would justify this court in reversing the judgment.

Judgment affirmed.

HUNSICKER, PJ, MIDDLETON, J, concur.